Lonnie **FULTZ**, Plaintiff,

v.

**B.A. MULLICAN LUMBER & MANUFACTURING COMPANY,** Defendant.

**No. Civ.A. 97–0295–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Feb. 12, 1999.

Robert B. Hines, II, Jonesville, VA, for plaintiff.

Jill Morgan Harrison, Abingdon, VA, for defendant.

### MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

### I. Introduction

This action was filed December 29, 1997, pursuant to the Age Discrimination in Employment Act (hereinafter, "ADEA"), 29 U.S.C. §§ 621, *et seq.* Plaintiff is a former employee of Defendant, having worked 12½ years for B.A. Mullican Lumber & Manufacturing Company (hereinafter, "Mullican") until he was terminated on February 28, 1997. Defendant contends that it dismissed Plaintiff for leaving work early without the permission of his supervisor on February 25, 1997. (Def.'s Br. in Supp. of Mot. for Summ. J. at 3.) Fultz admits that he left work early that day, but contends that he had received permission from his supervisor, Rick Massie, to do so. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 2–3.) Fultz further alleges that the reason given for his dismissal is pretextual, and that he was fired because of his age. (Pl.'s Mem. at 10.) Fultz was 45 years old when he was dismissed by Mullican, (Pl.'s Mem. at 1), and he was replaced by a man in his twenties, (Jonathan Wirth Dep. at 13).

Defendant's Motion for Summary Judgment is before the court and is ripe for decision. Exercising jurisdiction pursuant to 28 U.S.C. § 1331, the court denies the Motion.

### II. Legal Discussion

#### (A) Summary Judgment Standard

A party moving for summary judgment will have its motion granted if there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. In considering a grant of summary judgment, the court may consider the pleadings, depositions, answers to interrogatories, and admissions on file, as well as any affidavits filed with the court. FED.R.CIV.P. 56(c). The court must view the evidence under consideration in the light most favorable to the non-moving party. *Cuddy v. Wal–Mart*

*Super Ctr., Inc.,* 993 F.Supp. 962, 965 (W.D.Va.1998) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

**(B) *Prima Facie* case**

 Defendant first contends that it is entitled to summary judgment because Plaintiff has failed to make out a *prima facie* case of age discrimination. A plaintiff in an age discrimination lawsuit may meet his burden of proof either by showing direct evidence of discrimination or by proceeding under a method of proof established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Mitchell v. Data General Corp.,* 12 F.3d 1310, 1314 (4th Cir. 1993). Fultz has chosen the latter route, and thus must prove each of the four elements of a *prima facie* case of age discrimination: (i) that he was a member of a protected age group, (ii) that he was discharged or demoted, (iii) that at the time of his discharge or demotion, he was performing his job at a level that met his employer's legitimate expectations, and (iv) that his discharge or demotion occurred under circumstances that raise a reasonable inference of unlawful age discrimination. *Halperin v. Abacus Technology Corp.,* 128 F.3d 191, 201 (4th Cir.1997). Defendant rests this portion of its Motion for Summary Judgment on Plaintiff's alleged failure to present proof of the third element, namely that Fultz was performing his job in a manner that met Mullican's legitimate expectations.

Mullican contends that Fultz was not meeting its legitimate expectations because he violated a company work rule prohibiting employees from leaving work early without the permission of supervisor. (Def.'s Br. at 5.) However, as noted above, whether Fultz left without permission is in dispute. Fultz testified that he asked Rick Massie, his supervisor, if he could leave early to get his car. (Fultz Dep. at 24.) Although Massie denied during his deposition that he had a conversation with Fultz

concerning Fultz's leaving early on February 25, 1997, (Massie Dep. at 11), he later seemed unclear about whether Fultz had told him of a need to leave early, (*id.* at 21–22). At any rate, both Fultz and Massie testified that Massie told Fultz not to leave until all the log trucks were unloaded. (Fultz Dep. at 24; Massie Dep. at 12–13).

 It is obvious to the court that the evidence on the material fact of whether Fultz had permission to leave work early is in dispute. Additionally, Defendant's evidence on this point has internal conflicts, as demonstrated by the deposition testimony of Rick Massie, as seen above. Accordingly, the alleged violation of company policy is insufficient to support Mullican's claim that Fultz was not meeting its legitimate expectations in the performance of his job as a matter of law. The court believes that Fultz has met his burden of producing evidence sufficient for a jury to find in his favor on this point. Other than the disputed incident on February 25, 1997, Fultz seems to have been a satisfactory employee for Mullican during the 12½ years he was employed. Mullican management testified that Fultz, while not sporting a spotless record, (Massie Dep. at 8, 10), was a good employee (Massie Dep. at 26), had a good attendance record, (Chris Kommes Dep. at 19), and that he kept up with his work in a timely fashion, (Wirth Dep. at 23). Thus, Defendant's Motion for Summary Judgment, as it pertains to Plaintiff's *prima facie* case, is denied.

**(C) Legitimacy of Defendant's Proffered Reason**

 Under the *McDonnell Douglas* method, if the Plaintiff produces sufficient evidence of a *prima facie* case, the Defendant must then articulate a legitimate nondiscriminatory reason for the challenged employment action. *Mitchell,* 12 F.3d at 1315. Although the Circuit Courts of Appeal are split on their approaches past this point, *see* Karen W. Kramer, Overcoming Higher Hurdles: Shifting the Burden of

Proof After *Hicks* and *Ezold,* 63 Geo. Wash.L.Rev. 404, 417–418 (citing cases taking different approaches), the Fourth Circuit has adopted a "pretext-plus" approach to this stage of the method.[1] This approach requires Plaintiff to present not only some evidence that Defendant's offered explanation is pretextual, but also some evidence that age discrimination was the true reason for the employment action. *Vaughan v. The MetraHealth Cos., Inc.,* 145 F.3d 197, 202 (citations omitted). It is not necessary that such evidence of age discrimination be in addition to that already adduced. *Id.* at 201.

For largely the same reasons as stated in the court's discussion of the *prima facie* case above, Fultz has produced evidence which would allow a jury to find that the reason Mullican offers as justification for dismissing him—that he left work early with permission—is pretextual. In courts using a "pretext-only" system, "[a] plaintiff in an age discrimination case may defeat a summary judgment motion brought by the employer if the plaintiff produces evidence that the employer proffered a phony reason for firing the employee." *Wohl v. Spectrum Mfg., Inc.,* 94 F.3d 353, 355 (7th Cir.1996). Although the Fourth Circuit has adopted the "pretext plus" approach, the language of the Seventh Circuit is still helpful because it instructs that Mullican is not entitled to summary judgment on the basis of the "pretext" element of the "pretext plus" approach.

A strong *prima facie* case of age discrimination coupled with evidence of pretext may allow a finding of age discrimination, without requiring additional evidence as to the "plus" prong.[2] The Fourth Circuit has clearly signaled that whether a court should demand additional evidence of age discrimination at this point depends upon the character of the evidence in the case. *Vaughan,* 145 F.3d at 201. In *Raddatz v. Standard Register Co.,* No. 4–96–822, 31 F.Supp.2d 1155, 1160 (D.Minn. 1999), a recent case decided under the Eighth Circuit's pretext-plus standard, defendant's Motion for Summary Judgment was denied because the "quite strong" evidence of pretext combined with the fact that an older employee was terminated and replaced by a "relatively inexperienced" younger person allowed "a reasonable jury [to] . . . infer that [defendant's] . . . proffered reason is pretext for age discrimination." The court finds the evidence in the instant case to be of a similar quality.

Fultz has presented a strong *prima facie* case of age discrimination. Defendant does not question three of the four required prongs of his case, and on the third prong which is called into doubt by Defendant, Plaintiff has shown a long work history full of satisfactory comments by his supervisors. This *prima facie* case, accompanied by Fultz's strong evidence of pretext on the part of Defendant, will allow a reasonable jury to find that age discrimination was the true reason Fultz was dismissed by Mullican. Thus, summary judgment would be improper in this case.

If this court is incorrect in opining that Fultz's *prima facie* case is strong enough to not require additional evidence pointing to age discrimination, Plaintiff has still met his burden under the "pretext plus" standard with some additional evidence. In several recent decisions, the Fourth Cir-

**1.** This split in the circuits has persisted since the United States Supreme Court addressed the issue in *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Circuits joining the Fourth Circuit's "pretext plus" approach include the First, Fifth and Eighth. *See Woods v. Friction Materials, Inc.,* 30 F.3d 255 (1st Cir.1994); *Marcantel v. State of Louisiana, Dept. of Transp. and Dev.,* 37 F.3d 197 (5th Cir.1994); *Roth-*

*meier v. Investment Advisers, Inc.,* 85 F.3d 1328 (8th Cir.1996).

**2.** This approach does not eliminate the "plus" prong, but simply follows the *Vaughan* court's directive that evidence beyond that adduced to make out a *prima facie* case and a showing of pretext is not always necessary in order to prove the "plus" prong.

cuit and various district courts within the Circuit have discussed a variety of acts which will not allow a jury to draw an inference which would meet the "plus" element. It is now well-established that a plaintiff who merely feels as though he has been discriminated against or believes himself more qualified than his replacement fails to meet this requirement. Also lacking in sufficiency of proof is the mere failure of an employer to follow its own procedures, or the "bare assertion" that a younger worker replaced an ADEA plaintiff. *Vaughan*, 145 F.3d at 202–04. However, the decisions within this Circuit have yet to establish what type of evidence is sufficient to constitute enough evidence to draw such an inference.[3]

As seen above, just the mere fact that Fultz was replaced by a younger person is insufficient to prevent summary judgment from being entered against Fultz.[4] However, Fultz has presented additional evidence from which a jury could permissibly draw an inference that age discrimination is the true reason Fultz was dismissed from his employment. Fultz has shown that he was fired just after he resumed working at his "physicially demanding job," (Massie Dep. at 18–19), after a knee injury, although he had not been officially released to work fully. He was not released to work full-time until nearly two months later. (Fultz Dep. at 22.) Mullican was aware of Fultz's injury and of the fact that he had been off from work be-

cause of it for some time. (Massie Dep. at 18.) Despite this knowledge, and the fact that Mullican had implemented a policy to reduce all overtime at its plant, (Wirth Dep. at 14–15), Plaintiff was scheduled to work almost 70 hours during the week he returned. Fultz had not worked that many hours in the previous year and a half to two years. (Fultz Dep. at 46.) Defendant explains that Fultz was scheduled to work such long hours because the other log scaler, Jerry Long, was out from work. (Wirth Dep. at 18–19.) However, a man named Mack, who had apparently trained Long to be a scaler, (Fultz Dep. at 12), was available to work with Fultz at that time, (*id.* at 47).

■ From all this evidence, a jury could reasonably conclude that Mullican was forcing an older employee who was not at full-strength to return to his physically demanding job and work far more hours than normal in an effort to get him to leave. Such action would be evidence of an intent to discriminate on the basis of age, in contravention of the law. Because Plaintiff has adduced "some evidence," as required by the Fourth Circuit in *Vaughan*, Defendant's Motion for Summary Judgment must be denied as to the "pretext plus" test.

## III. Conclusion

In summary, Plaintiff has presented the following evidence that Defendant's proferred nondiscriminatory reason was pre-

---

**3.** It should be clear that whatever the *type* of evidence adduced in support of proof of age discrimination, the *amount* of evidence necessary to withstand a summary judgment motion is not that great. Only "some evidence" leading to a conclusion that age discrimination was the reason for dismissal is required. *Vaughan*, 145 F.3d at 202. The evidence adduced by the non-movant must just be enough to allow reasonable minds to differ. *Anderson*, 477 U.S. at 250–51, 106 S.Ct. 2505 (citing *Wilkerson v. McCarthy*, 336 U.S. 53, 62, 69 S.Ct. 413, 93 L.Ed. 497 (1949)). Otherwise, the well-established *McDonnell Douglas* paradigm would risk becoming no different than the "direct evidence of discrimination" route of proof in

discrimination cases. The Fourth Circuit has made it clear that the two methods of proof are distinct, *see Mitchell*, 12 F.3d at 1314, and this distinction should be preserved.

**4.** The court's denial of summary judgment above on the grounds that no additional evidence of age discrimination was necessary is dependent in part upon the fact that Fultz was replaced by a younger person. However, it is important to note that evidence of the replacement is not simply a "bare assertion," unaccompanied by any other evidence, *Vaughan*, 145 F.3d at 204, but rather is part of a framework encompassing a strong *prima facie* case and other evidence. *Id.*, at 201.

textual: (1) the reason given was patently false, (2) Plaintiff was a good employee who performed his work in a satisfactory manner, (3) Plaintiff was succeeded at his job by a much younger man, (4) Defendant had a policy of reducing or eliminating overtime, yet Plaintiff was required to work overtime even though he had just returned to work after an injury from which he had not fully recovered, (5) while Defendant testified that Plaintiff had to work almost 70 hours in a week because the other log scaler was off work, Plaintiff produced evidence that the man who trained the other log scaler was available to assist with the work, (6) despite the fact that Plaintiff had not been released by his doctor, he was required to perform physically demanding work at long hours without any offer to accommodate him, and (7) both Fultz and his supervisor testified that on the date Fultz left early from the job, the supervisor told Fultz not to leave until all the log trucks were unloaded. There is no evidence that any log trucks were left unloaded at the time Fultz left the job.

While the case law pertaining to the pretext plus standard is still in flux, this court is of the opinion that if the evidence presented by Plaintiff is not adequate to survive a Motion for Summary Judgment, then our age discrimination laws are just so many meaningless words and may as well be stricken from our law books. Age discrimination is seldom open and obvious. No one will admit to such motivation, and thus it can generally only be shown by circumstantial evidence. Therefore, Defendant's Motion for Summary Judgment is denied.

### ORDER

For the reasons stated in the memorandum opinion entered this day, it is hereby ORDERED that Defendant's Motion for Summary Judgment is DENIED. This case shall continue on the docket of this court.